■ MARK SASSONE, as Administrator of the Estate of MARION SASSONE, Deceased, Appellant, v SCOTT CORHOUSE et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court in favor of defendants, entered December 9, 1985 in Saratoga County, upon a verdict rendered at Trial Term (Mercure, J.).

At 3:45 A.M. on September 20, 1983, while plaintiff's intestate, a 49-year-old wife and mother, was a pedestrian on Route 9 in the Town of Moreau, Saratoga County, she was allegedly struck by an automobile owned by defendant Samuel Corhouse and operated by defendant Scott Corhouse. She sustained serious personal injures and died in the hospital at approximately 4:10 A.M. Upon trial of this personal injury and wrongful death action, the jury returned a verdict of no cause for action in favor of defendants. Upon this appeal, plaintiff's sole contention is that the trial court erred in its refusal to admit into evidence a certified copy of the simplified traffic information and supporting deposition of the arresting State Trooper for purposes of establishing Scott Corhouse's blood alcohol content at the time of the accident.* We disagree and affirm.

Plaintiff's proffered documentation completely fails to establish any foundational predicate for the admission of any chemical test results. The only reference to Scott Corhouse's blood alcohol content at the time of the accident appears in the supporting deposition, which does not even indicate the nature of the chemical test performed. This being the case, there is no way to assess the accuracy of the testing device

---

* The certificates read as follows: "This is a true and exact copy of ticket #565279 issued by Tpr. C. R. Simmons for Scott L. Corhouse in the Town of Moreau on September 20, 1983. Kathleen P. Gillmor—Dep. Court Clerk for Joseph W. McPhillips, Town Justice. Dated: September 26, 1985.

"This is a true and exact copy of Supporting Deposition by Tpr. C. R. Simmons for Scott L. Corhouse, issued on October 20, 1983. Kathleen P. Gillmor—Dep. Court Clerk for Joseph W. McPhillips, Town Justice. Dated: September 26, 1985."

utilized *(see, People v Freeland,* 68 NY2d 699, 700). Since plaintiff failed to present appropriate foundation testimony under CPLR 4518 (a) or a proper CPLR 4518 (c) certificate establishing the accuracy of the testing procedures, the trial court correctly refused to receive the proffered documentation into evidence *(see, People v Mertz,* 68 NY2d 136, 148).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.