■ ERROLL SCHNEER et al., Respondents, v ANTHONY BEL-LANTONI, Appellant. [677 NYS2d 581] —In an action, *inter alia,* to recover damages for the breach of a construction contract, the defendant appeals from an order of the Supreme Court, West-chester County (Donovan, J.), entered October 22, 1997, which denied his motion to vacate a judgment of the same court entered February 24, 1997, which was in favor of the plaintiffs and against him.

Ordered that the order is affirmed, with costs.

In October 1990 the plaintiffs, Erroll Schneer and Denise Schneer, hired the defendant, Anthony Bellantoni, to renovate their home in Westchester County. Throughout the construction process, the Schneers became increasingly dissatisfied with Bellantoni's work and in March 1991, they terminated the contract. Shortly thereafter, the Schneers hired another contractor to complete the work and in August 1991, they commenced an action against Bellantoni seeking damages for breach of contract and fraud. After a jury trial in January 1997, a judgment was entered in favor of the Schneers and against Bellantoni in the principal sum of $104,000 for compensatory damages and $7,500 for punitive damages. On appeal, the judgment was modified by deleting the provision awarding punitive damages and otherwise affirmed (*see, Schneer v Bellantoni,* 250 AD2d 666).

Before the first appeal was decided, Bellantoni moved in the Supreme Court, Westchester County, to vacate the judgment on the ground that newly-discovered evidence established that the judgment was procured by intrinsic fraud. In support of the motion, Bellantoni primarily relied on an affidavit from the Building Inspector of the Town of Greenburgh who allegedly inspected the Schneer's house at Bellantoni's request in May

1997, four months after the trial and six years after the construction was complete. The Supreme Court properly denied the motion on the ground that Bellantoni failed to demonstrate that he could not have discovered the evidence in question before the trial or that the Schneers committed fraud or perjury at the trial (*see,* CPLR 5015 [a] [2], [3]; *Jackson v Kessner,* 206 AD2d 123, 130; *McGovern v Getz,* 193 AD2d 655, 657). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.