(March 11, 2008)

█ ALISHA K. AFRIDI et al., Appellants, v GLEN OAKS VILLAGE OWNERS, INC., Respondent. [854 NYS2d 446]—

The infant plaintiff sustained second degree burns to her thighs and abdomen after coming into contact with hot water from a faucet in the bathroom of her family's apartment. The plaintiffs commenced this action against the cooperative corporation that owned the apartment where the family resided, alleging negligence in the supply of excessively hot water to the apartment. At the ensuing jury trial, the Supreme Court excluded from evidence a section of a police report indicating that, 12 days after the accident, the hot water from the subject faucet registered a temperature of 160 degrees Fahrenheit. The report failed to supply any details, inter alia, about how the temperature measurement was made.

The Supreme Court providently exercised its discretion in denying the plaintiffs' request to admit the police report into evidence, where the plaintiffs failed to establish a proper foundation for its admission (*see People v Freeland,* 68 NY2d 699 [1986]; *Sassone v Corhouse,* 129 AD2d 924 [1987]). Contrary to the plaintiffs' contention, the mere fact that the report may have been a business record, as contemplated under CPLR 4518, "does not overcome any other exclusionary rule which might properly be invoked" (*People v Tortorice,* 142 AD2d 916, 918 [1988]; *accord Bostic v State of New York,* 232 AD2d 837, 839 [1996]).

The plaintiffs' remaining contention is without merit. Fisher, J.P., Ritter, Angiolillo and Balkin, JJ., concur.