■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee of the RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-D UNDER THE POOLING AND SERVICING AGREEMENT DATED MARCH 1, 2006,

Respondent, v Peter Karlis, Appellant, et al., Defendants. [30 NYS3d 228]—

In an action to foreclose a mortgage, the defendant Peter Karlis appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 9, 2014, as denied those branches of his motion which were to vacate a judgment of foreclosure and sale entered August 12, 2013, pursuant to CPLR 5015 (a) (3) and (4), and to extend his time to answer the complaint pursuant to CPLR 3012 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

This foreclosure action was commenced by the filing of a summons and complaint on August 10, 2010. The defendant Peter Karlis failed to timely appear or answer. A judgment of foreclosure and sale was entered upon Karlis's default on August 12, 2013. Karlis thereafter moved, inter alia, to vacate the judgment pursuant to CPLR 5015 (a) (3) and (4), and to extend his time to answer the complaint. The Supreme Court, among other things, denied those branches of the motion.

With respect to that branch of Karlis's motion which was to vacate his default pursuant to CPLR 5015 (a) (3), Karlis claims that the plaintiff obtained a judgment against him by making fraudulent allegations in the complaint about the assignments of the subject note and the plaintiff's standing to commence the action. These claims amount to allegations of intrinsic fraud (*see New Century Mtge. Corp. v Corriette*, 117 AD3d 1011, 1012 [2014]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 765 [2008]; *Bank of N.Y. v Lagakos*, 27 AD3d 678, 679 [2006]). A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (3) based upon intrinsic fraud must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (*see New Century Mtge. Corp. v Corriette*, 117 AD3d at 1012; *Bank of N.Y. v Stradford*, 55 AD3d at 765-766; *Morel v Clacherty*, 186 AD2d 638, 639 [1992]). Here, Karlis's purported reliance upon alleged loan modification negotiations is unsubstantiated, and does not constitute a reasonable excuse for the default (*see Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825 [2013]). Accordingly, we need not address whether he has a potentially meritorious defense to the action (*see TD Bank, N.A. v Spector*, 114 AD3d 933, 934 [2014]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]).

Further, that branch of Karlis's motion which was to vacate

his default pursuant to CPLR 5015 (a) (4) for failure to obtain personal jurisdiction over him was properly denied. On August 1, 2007, prior to the commencement of the action, Karlis's code-fendant, Lancaster Mortgage Bankers, LLC, filed a petition for bankruptcy, which triggered the automatic stay provided for in 11 USC § 362 (a) (1). The stay remained in effect until August 6, 2012. Before that date, service of the summons and complaint in this action was made upon Karlis. Karlis contends that he could not have been properly served while the automatic stay was in effect and, therefore, personal jurisdiction was never obtained over him. However, this contention is without merit, as the automatic stay provided for in 11 USC § 362 (a) (1) only acts to stay, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor*" in the bankruptcy proceeding (11 USC § 362 [a] [1] [emphasis added]; *see International Fid. Ins. Co. v European Am. Bank*, 129 AD2d 679 [1987]; *see also Buchakian v Kuriga*, 138 AD3d 711 [2d Dept 2016]). "In general, only a debtor is included within the protective umbrella afforded by the automatic stay that arises pursuant to § 362 (a) (1). Third-party defendants or co-defendants are typically not provided such protection" (*In re First Cent. Fin. Corp.*, 238 BR 9, 18 [ED NY 1999]).

Accordingly, the Supreme Court properly denied those branches of Karlis's motion which were to vacate the judgment of foreclosure and sale, and to extend his time to answer the complaint. Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.