■ U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-3XS, Respondent, v Kevin T. McKenna et al., Appellants, et al., Defendants. [52 NYS3d 497]—

In an action, inter alia, for a judgment declaring that the plaintiff's mortgage on the subject property is a first priority lien, the defendants Kevin T. McKenna and Arlene M. McKenna appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated March 18, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action in June 2013, inter alia, to direct the recording of a mortgage allegedly executed in September 2006 to encumber real property owned by the defendants Kevin T. McKenna and Arlene M. McKenna (hereinafter together the McKennas), and for a judgment declaring that that mortgage is superior in priority over other recorded mortgages on the property. On or about September 24, 2013, the McKennas filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court), which automatically stayed this action pursuant to 11 USC § 362 (a). By order dated August 25, 2014, the Bankruptcy Court reclassified the plaintiff's claim, for the purposes of that court, from "secured" to "unsecured," and terminated the automatic stay for cause as to the plaintiff so that the plaintiff could continue the instant action through the entry of judgment.

The plaintiff then moved in the Supreme Court, inter alia, for summary judgment on the complaint insofar as asserted against the McKennas. On December 2, 2014, while the plaintiff's motion was pending, the McKennas filed an amended Chapter 13 plan in the Bankruptcy Court, which stated, among other things, that "[p]ursuant to the order dated August 25, 2014 the claim of [the plaintiff] shall be treated as a general unsecured creditor [sic] . . . and upon completion of the plan the claim shall be in all respects fully discharged." In an order dated December 19, 2014, the Bankruptcy Court confirmed the McKennas' amended Chapter 13 plan. Shortly thereafter, by notice of cross motion dated December 30, 2014, the McKennas cross-moved in the Supreme Court for summary judgment dismissing the complaint insofar as asserted against them on the ground that the confirmed bankruptcy plan "serves as res judicata" on the issue of the subject mortgage. The court rejected that argument, granted that branch of the plaintiff's

motion which was for summary judgment on the complaint insofar as asserted against the McKennas, and denied the McKennas' cross motion. The McKennas appeal, arguing that the court erred in concluding that the instant action is not barred by the principles of res judicata. We affirm insofar as appealed from.

While an order confirming a Chapter 13 bankruptcy plan may constitute a final judgment on the merits (*see In re Layo*, 460 F3d 289, 294 [2d Cir 2006]; *cf.* 11 USC § 1327 [a]), the res judicata effect of a confirmed plan does not apply when a state court action concerning the validity of a lien remains unresolved at the time the bankruptcy proceedings were commenced (*see In re Enewally*, 368 F3d 1165, 1173 [2004]; *In re Residential Capital, LLC*, 522 BR 458, 462 [SD NY 2014]; *Palmatier v Wells Fargo Fin. Natl. Bank*, 2010 WL 2516577, *3-4, 2010 US Dist LEXIS 58393, *6-9 [ND NY, June 14, 2010, No. 1:09-CV-220 (DNH)]; *Edwards v Broadwater Casitas Care Ctr.*, 221 Cal App 4th 1300, 1310, 165 Cal Rptr 3d 273, 279 [2013]; *cf. Cen-Pen Corp. v Hanson*, 58 F3d 89 [4th Cir 1995]). Here, the instant action was pending when the McKennas filed their bankruptcy petition, and, therefore, the Supreme Court properly concluded that the subsequent confirmation of the amended Chapter 13 bankruptcy plan had no res judicata effect on the instant action.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the McKennas, and properly denied the McKennas' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.