■ DIAN KUI SU et al., Appellants-Respondents, v SING MING CHAO et al., Respondents-Appellants, and AH WAH CHAI, Respondent. [51 NYS3d 407]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about September 19, 2016, which granted defendants' motions for summary judgment dismissing the second amended complaint, and denied plaintiffs' motion for, among

other things, partial summary judgment on their breach of fiduciary duty claim and leave to amend the complaint to add a plaintiff, unanimously modified, on the law, to grant plaintiff leave to amend to the extent indicated herein, and otherwise affirmed, without costs.

Dismissal of the second amended complaint was warranted, as the complaint mixes individual claims with derivative claims (*see Abrams v Donati*, 66 NY2d 951 [1985]). However, leave to amend the complaint to clearly delineate the claims should have been granted (*see id.* at 954; *see also Davis v Scottish Re Group Ltd.*, 138 AD3d 230, 235 [1st Dept 2016]). In addition, plaintiffs may amend the complaint and caption to add, as a plaintiff, a predecessor in interest to plaintiff Quality Lumber & Building Supplies, Inc. (Quality) (*see* CPLR 1003, 3025 [b]).

The motion court correctly found that there was an issue of fact as to whether the majority shareholder defendants breached their fiduciary duty by causing defendant Kingsland Group, LLC to usurp Quality's opportunity to acquire certain properties. In particular, there is conflicting testimony concerning when Quality abandoned the negotiations to acquire the properties. The length of time between the last offer by Quality and the acquisition by Kingsland was relevant to whether Quality had a "tangible expectancy" of purchasing the properties, and, thus, whether it was a corporate opportunity usurped by Kingsland (*Alexander & Alexander of N.Y. v Fritzen*, 147 AD2d 241, 247-248 [1st Dept 1989]). Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.