██ US Bank National Association, Respondent, v Milton Galloway, Appellant, et al., Defendants. [52 NYS3d 644]—

In an action to foreclose a mortgage, the defendant Milton Galloway appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated January 26, 2015, as denied those branches of his motion which were pursuant to CPLR 5015 (a) (2) and (3) to vacate a judgment of foreclosure and sale of the same court entered August 27, 2014, upon his failure to answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In November 2011, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Milton Galloway (hereinafter the defendant). In August 2014, upon the defendant's failure to answer the complaint or appear for a mandatory settlement conference, a judgment of foreclosure and sale was entered. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment of foreclosure and sale, on the grounds of newly discovered evidence and fraud. The Supreme Court denied the motion. The defendant appeals.

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (3) to vacate the judgment of foreclosure and sale. The defendant's contention that the plaintiff obtained the judgment of foreclosure and sale through the submission of fraudulent documents amounts to an allegation of intrinsic fraud (*see U.S. Bank, N.A. v Peters*, 127 AD3d 742, 742-743 [2015]). Where a defendant seeks to vacate a default pursuant to CPLR 5015 (a) (3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (*see Deutsche Bank Natl. Trust Co. v Karlis*, 138 AD3d 915, 916 [2016]; *U.S. Bank, N.A. v Peters*, 127 AD3d at 742-743; *New Century Mtge. Corp. v Corriette*, 117 AD3d 1011, 1012 [2014]). Here, since the defendant has presented no excuse for his default, the Supreme Court properly denied that branch of his motion which was pursuant to CPLR 5015 (a) (3), regardless of whether he presented a potentially meritorious defense to the action.

Furthermore, the defendant failed to demonstrate his entitlement to vacatur pursuant to CPLR 5015 (a) (2) based upon newly discovered evidence. Contrary to the defendant's contention, "[e]vidence which is a matter of public record is generally not deemed new evidence which could not have been discovered with due diligence before trial" (*Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]). In any event, the defendant failed to demonstrate that the alleged newly discovered evidence would probably have produced a different result (*see IMC Mtge. Co. v Vetere*, 142 AD3d 954 [2016]; *Meltzer v Meltzer*, 140 AD3d 716 [2016]; *Sicurelli v Sicurelli*, 73 AD3d 735 [2010]; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d at 327). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR

5015 (a) (2) to vacate the judgment of foreclosure and sale. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.