Appeal by the father from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered August 19, 2016. The order denied the father’s objections to an order of that court (Esther R. Furman, S.M.) dated January 28, 2016, which denied his motion pursuant to CPLR 4404 (b) and 5015 (a) to vacate two orders of that court (Esther R. Furman, S.M.) dated August 29, 2013, and July 22, 2015, respectively, which, after a hearing and a renewed hearing, granted the mother’s petition for an upward modification of his child support obligation.
 

 Ordered that the order entered August 19, 2016, is affirmed, with costs.
 

 The parties were divorced by judgment dated May 25, 2005. They have one child together. The divorce judgment incorporated, but did not merge, a stipulation in which the parties agreed to deviate from the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) and consented to an order of child support requiring the father to pay the mother the sum of $800 per month, with a 3% annual increase, and to pay 50% of statutory add-ons, including child care expenses and unreimbursed health care expenses.
 

 In April 2011, the mother commenced this proceeding seeking an upward modification of the father’s child support obligation. By order dated August 29, 2013, a support magistrate granted the mother’s petition and increased the father’s child support obligation to $4,000 per month. By order dated December 16, 2013, the Family Court granted the father’s objections to the order dated August 29, 2013, to the extent of remitting the matter to the Support Magistrate for further proceedings regarding the father’s income and the entry of a modified child support order based on such income. After a renewed hearing on the limited issue of the father’s income, by order dated July 22, 2015, the Support Magistrate directed the father to pay child support in the sum of $3,000 per month, together with 79% of statutory add-ons, retroactive to the filing date of the petition. By order entered January 12, 2016, the Family Court denied the father’s objections to the order dated July 22, 2015. The father appealed, and this Court affirmed the order entered January 12, 2016, determining, insofar as relevant here, that “the evidence adduced at the hearing regarding, among other things, the father’s significant increase in income, increases in costs relating to the subject child, including additional expenses incurred as a result of the child’s special needs, and the father’s failure to make the substantial noneconomic contributions contemplated by the parties’ stipulation, was sufficient to warrant an upward modification of child support based on a substantial change in circumstances resulting in a concomitant need” (Matter of O’Connor-Gang v Munoz, 143 AD3d 825, 827 [2016]).
 

 While the father’s objections to the Support Magistrate’s order dated July 22, 2015, were pending, the father moved pursuant to CPLR 4404 (b) and 5015 (a) (2) and (3) to set aside and vacate the orders dated August 29, 2013, and July 22, 2015, on the grounds that they were predicated on fraudulent and untrue statements by the mother regarding the child’s condition and expenses, and that newly discovered evidence existed regarding the child’s condition and expenses. In an order dated January 28, 2016, the Support Magistrate denied the father’s motion. In the order appealed from entered August 19, 2016, the Family Court denied the father’s objections to the order dated January 28, 2016.
 

 Since the father’s motion was not made within 15 days after the orders that he sought to set aside, and the father failed to demonstrate good cause for the delay, the Family Court properly determined that the branch of the motion which sought to set aside the orders pursuant to CPLR 4404 (b) was untimely (see CPLR 4405; Rice v Rice, 135 AD3d 928 [2016]; Turco v Turco, 117 AD3d 719, 723 [2014]).
 

 CPLR 5015 (a) (2) and (3) provide that an order may be vacated on the ground of newly discovered evidence or based on fraud, misrepresentation, or misconduct of an adverse party. “Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment” (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089 [2017]; see Matter of Monasterska v Burns, 121 AD3d 902 [2014]). Moreover, newly discovered evidence must be evidence that, if it had been introduced at trial, “would probably have produced a different result” (CPLR 5015 [a] [2]; see US Bank N.A. v Galloway, 150 AD3d 1174, 1175 [2017]).
 

 Here, the father submitted numerous documents that were not in existence at the time of the Support Magistrate’s order dated August 29, 2013, which was the order that determined that the mother had established a substantial change in circumstances resulting in a concomitant need warranting an upward modification of child support. Thus, these documents did not meet the criteria for newly discovered evidence under CPLR 5015 (a) (2) (see EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 825 [2017]; U.S. Bank, N.A. v Peters, 127 AD3d 742, 743 [2015]; Chase Home Fin., LLC v Quinn, 101 AD3d 793 [2012]). The only proffered document that was in existence at the time of the order dated August 29, 2013, was a letter dated November 15, 2012, by the child’s therapist. However, the father failed to establish that this letter was “undiscoverable with due diligence at the time of the original order or judgment” (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089), because he testified that he spoke to the therapist approximately every week.
 

 In any event, the father failed to demonstrate that the alleged newly discovered evidence probably would have produced a different result (see US Bank N.A. v Galloway, 150 AD3d at 1175). At most, the submissions demonstrated that the child’s condition somewhat improved and his expenses somewhat decreased following the order dated August 29, 2013.
 

 Furthermore, the father failed to establish the existence of fraud, misrepresentation, or misconduct on the part of the mother and, therefore, was not entitled to vacatur of the Support Magistrate’s orders pursuant to CPLR 5015 (a) (3) (see Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d 778, 779 [2017]; Schneer v Bellantoni, 253 AD2d 488, 489 [1998]).
 

 Accordingly, the Family Court properly denied the father’s objections to the Support Magistrate’s order denying his motion to set aside and vacate the orders dated August 29, 2013, and July 22, 2015.
 

 Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.