Wells Fargo Bank, N.A. v Shatles (2018 NY Slip Op 00191)





Wells Fargo Bank, N.A. v Shatles


2018 NY Slip Op 00191


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04348
 (Index No. 7572/11)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Robert Shatles, etc., et al., appellants, et al., defendants.


David A. Bythewood, Mineola, NY, for appellants.
Peter C. Kaiteris, P.C., Bayport, NY, for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley Jr., J.), dated January 19, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Robert Shatles which was pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of that court entered August 27, 2014, upon his failure to answer the complaint.
ORDERED that the appeal by the defendant Brooke Shatles is dismissed, as she is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Robert Shatles; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendant Robert Shatles executed a note in the sum of $640,000, which was secured by a mortgage on residential property located in Suffolk County. The mortgage was executed by him and the defendant Brooke Shatles. In March 2011, the plaintiff commenced this action to foreclose the mortgage. In August 2014, upon, inter alia, Robert Shatles's failure to answer the complaint, a judgment of foreclosure and sale was entered.
After a foreclosure sale was scheduled, Robert Shatles moved, among other things, pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale entered August 27, 2014, alleging that the plaintiff submitted fraudulent evidence of standing to sue to obtain the judgment. In an order dated January 19, 2016, the Supreme Court denied the motion. Robert Shatles appeals, as limited by his brief, from so much of the order as denied that branch of his motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale.
Robert Shatles claimed in support of his motion that the plaintiff obtained the judgment of foreclosure and sale through the submission of a fraudulent document, which amounts to an allegation of intrinsic fraud (see US Bank N.A. v Galloway, 150 AD3d 1174, 1175; U.S. Bank, [*2]N.A. v Peters, 127 AD3d 742, 742-743). Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see US Bank N.A. v Galloway, 150 AD3d at 1175; Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 916; U.S. Bank, N.A. v Peters, 127 AD3d at 742-743; New Century Mtge. Corp. v Corriette, 117 AD3d 1011, 1012). Since no excuse was presented for the default in answering the complaint, the Supreme Court properly denied that branch of the motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale.
AUSTIN, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court