U.S. Bank N.A. v Joseph (2018 NY Slip Op 02155)





U.S. Bank N.A. v Joseph


2018 NY Slip Op 02155


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00233
 (Index No. 600378/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Barbara Joseph, etc., et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
Woods Oviatt Gilman, LLP (Reed Smith, LLP, New York, NY [Brian P. Matthews and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated November 18, 2015. The order denied the motion of the defendants Barbara Joseph and Christopher Joseph pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Barbara Joseph and Christopher Joseph pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred is granted.
In May 2005, Hilton Joseph and Barbara Joseph (hereinafter together the Josephs) borrowed money from BNC Mortgage Corporation, evidenced by a note. To secure payment on the note, the Josephs executed a mortgage on residential property in Central Islip. The Josephs defaulted on the payments on the note and, on February 1, 2006, the plaintiff accelerated the mortgage debt and commenced a mortgage foreclosure action (hereinafter the first foreclosure action). The Josephs did not answer the complaint and, upon the plaintiff's motion, a referee was appointed and a judgment of foreclosure and sale was entered.
On March 19, 2007, Barbara Joseph filed for bankruptcy. On May 4, 2007, her bankruptcy petition was dismissed. On July 3, 2007, she filed a second bankruptcy petition, but on July 20, 2008, the bankruptcy court lifted the automatic stay of the foreclosure sale. The stay was reimposed on March 19, 2009, but was lifted again on September 3, 2009, and Barbara Joseph's second bankruptcy petition was dismissed on December 17, 2009. In all, the first foreclosure action was stayed by the bankruptcy proceedings for approximately one year and seven months.
On December 30, 2010, the Josephs moved in the Supreme Court, by order to show cause, to vacate the judgment of foreclosure and sale and to dismiss the first foreclosure action on the ground that they had not been properly served and, thus, the court lacked personal jurisdiction over them. The order to show cause contained a temporary restraining order preventing the plaintiff from selling the property at auction "pending the determination of [the] motion . . . until a hearing can be held and/or this Court issues a decision on the motion." The Josephs' motion was not decided [*2]until January 28, 2013, when the court, after a hearing, determined that the plaintiff had failed to establish that the Josephs had been properly served with the complaint, and granted their motion to vacate the judgment of foreclosure and sale and to dismiss the complaint. At the time the first action was dismissed, excluding the periods during which the bankruptcy stays were in effect, less than six years had elapsed since the plaintiff accelerated the mortgage debt. The plaintiff did not take an appeal from the order granting the motion to dismiss the complaint in the first foreclosure action.
On January 14, 2015, almost two years after the first foreclosure action was dismissed, the plaintiff commenced this action (hereinafter the second foreclosure action) against Barbara Joseph and Christopher Joseph (hereinafter together the appellants), among others. The appellants were then the owners of the property, because, in 2014, Hilton Joseph had transferred his interest in the property to the appellants, as wife and husband.
The appellants moved to dismiss the complaint insofar as asserted against them as time-barred pursuant to CPLR 3211(a)(5). They pointed out that almost nine years had elapsed since the acceleration of their loan, well beyond the six-year statute of limitations. The plaintiff opposed the motion, arguing, among other things, that the action was not time-barred because the limitations period had been sufficiently tolled under CPLR 204(a) by the bankruptcy stays and the temporary restraining order that was in effect during the pendency of the Josephs' motion to dismiss the first foreclosure action. The Supreme Court denied the appellants' motion.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816). "The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period" (Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781 [citation omitted]).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Amrusi v Nwaukoni, 155 AD3d 814; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658).
Here, it is undisputed that the six-year statute of limitations began to run on February 1, 2006, when the plaintiff accelerated the mortgage debt (see Amrusi v Nwaukoni, 155 AD3d at 817). Moreover, since the plaintiff did not commence this action until January 14, 2015, more than six years later, the appellants sustained their initial burden of demonstrating, prima facie, that this action was untimely (see U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892).
In opposition, the plaintiff failed to raise a question of fact as to whether the limitations period was tolled for sufficient periods to bring the action within the six-year limitations period. Under CPLR 204(a), "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced" (see Mercury Capital Corp. v Shepherds Beach, 281 AD2d 604, 604; Torsoe Bros. Constr. Corp. v McKenzie, 271 AD2d 682, 682). The bankruptcy stay of 11 USC § 362(c) operates under CPLR 204(a) to stay the commencement, or continuation, of a foreclosure action (see U.S. Bank, N.A. v McKenna, 149 AD3d 1136, 1137; U.S. Bank N.A. v Martin, 144 AD3d at 893; Mercury Capital Corp. v Shepherds Beach, 281 AD2d at 604). Thus, the periods during which bankruptcy stays were in effect were not part of the time counted in the calculation of the running [*3]of the statute of limitations, at least as to Barbara Joseph (see Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 917; Mercury Capital Corp. v Shepherds Beach, 281 AD2d at 604; Zuckerman v 234-6 W. 22 St. Corp., 267 AD2d 130, 130). Contrary to the plaintiff's contention, however, the time during which the temporary restraining order was in effect when the Josephs moved to dismiss the first foreclosure action did not toll the running of the statute of limitations. That order prevented the plaintiff from selling the property at auction, but only in the context of the first foreclosure action. The temporary restraining order did not prevent the plaintiff from discontinuing the first foreclosure action and commencing a new action (cf. Citibank, N.A. v McGlone, 270 AD2d 124, 125). Thus, the plaintiff was not entitled under CPLR 204(a) to have the time during which the temporary restraining order was in effect excluded from the statute of limitations, and the total time elapsed from the acceleration of the mortgage debt until the second foreclosure action was commenced exceeded six years, even when the periods attributable to the bankruptcy stays are excluded. Accordingly, the Supreme Court should have granted the appellants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court