Maddaloni v Maddaloni (2018 NY Slip Op 05294)





Maddaloni v Maddaloni


2018 NY Slip Op 05294


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-08053
2015-11516
 (Index No. 8359/11)

[*1]Laura Maddaloni, respondent, 
v
Luigi Maddaloni, appellant.


Kenneth S. Sternberg, New York, NY, for appellant.
Castrovinci & Mady, Smithtown, NY (Matthew K. Mady of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from two orders of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 26, 2015, and September 22, 2015, respectively. The order dated May 26, 2015, insofar as appealed from, denied the defendant's motion to direct the plaintiff to pay 50% of the carrying costs of the marital residence and to credit the defendant for any payments made on the plaintiff's behalf since March 2014. The order dated September 22, 2015, insofar as appealed from, denied the defendant's motion (1) pursuant to CPLR 2221 and 5015(a)(2) and (3) to vacate all prior orders and decisions in the action, (2) to hold the plaintiff in contempt on the ground that she gave intentionally false, misleading, and perjured testimony during the underlying trial, and (3) to sanction the plaintiff for engaging in frivolous and vexatious conduct by giving false and misleading testimony during the underlying trial.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
The parties were married on January 2, 1988. The plaintiff commenced this action for a divorce and ancillary relief on March 16, 2011. A judgment of divorce was entered on May 19, 2014. The defendant appealed from stated portions of the judgment of divorce and four related orders, and the plaintiff cross-appealed from stated portions of the judgment of divorce. By decision and order dated August 24, 2014, this Court, inter alia, affirmed the judgment of divorce insofar as appealed and cross-appealed from (see Maddaloni v Maddaloni, 142 AD3d 646).
During the pendency of those appeals, the defendant moved to direct the plaintiff to pay 50% of the carrying costs on the marital residence and to credit the defendant for any payments [*2]made on the plaintiff's behalf since March 2014. By order dated May 26, 2015, the Supreme Court, among other things, denied the defendant's motion. Thereafter, the defendant moved (1) pursuant to CPLR 2221 and 5015(a)(2) and (3) to vacate all prior orders and decisions in the action, (2) to hold the plaintiff in contempt on the ground that she gave intentionally false, misleading, and perjured testimony during the underlying trial, and (3) to sanction the plaintiff for engaging in frivolous and vexatious conduct by giving false and misleading testimony during the underlying trial. By order dated September 22, 2015, the Supreme Court denied the defendant's motion. The defendant appeals from the orders dated May 26, 2015, and September 22, 2015.
The parties' judgment of divorce directed that the marital residence be immediately placed on the market for sale, but was silent with respect to the parties' responsibilities for payment of the carrying charges of the marital residence after the entry of judgment, but prior to its sale. After the judgment of divorce was entered, the defendant refused to cooperate in effectuating the sale of the marital residence, the parties remained living in the marital residence, and the defendant voluntarily paid the related carrying costs. Under these circumstances, we agree with the Supreme Court's denial of the defendant's motion to direct the plaintiff to pay 50% of the carrying costs of the marital residence and to credit the defendant for any payments made on the plaintiff's behalf since March 2014 (cf. Pelgrim v Pelgrim, 127 AD3d 710, 712-713; Lounsbury v Lounsbury, 44 AD3d 1173, 1176).
The court that rendered a judgment or order may relieve a party from it upon such terms as may be just, inter alia, upon the ground of newly discovered evidence "which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404" (CPLR 5015[a][2]), and/or "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015[a][3]). "Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; see Matter of Munoz v O'Connor-Gang, 154 AD3d 700, 702).
Here, the defendant failed to establish that the information contained in two of the three affidavits offered on his motion could not have been discovered with due diligence at the time of the trial (see CPLR 5015[a][2]; Matter of Munoz v O'Connor-Gang, 154 AD3d 700; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089; Sicurelli v Sicurelli, 73 AD3d 735, 735). In any event, the defendant failed to establish that the purportedly newly discovered evidence (including the information contained in the third affidavit), if introduced at trial, would probably have produced a different result (see CPLR 5015[a][2]; Matter of Munoz v O'Connor-Gang, 154 AD3d at 703; Meltzer v Meltzer, 140 AD3d 716, 717; Welz v Welz, 83 AD3d 696, 696-697). Moreover, the defendant failed to establish the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff and, therefore, was not entitled to vacatur pursuant to CPLR 5015(a)(3) (see Matter of Munoz v O'Connor-Gang, 154 AD3d at 703; Meltzer v Meltzer, 140 AD3d at 717; Welz v Welz, 83 AD3d at 697).
To the extent the defendant sought renewal of the motion denied May 26, 2015, as the defendant failed to submit any new facts that would have changed the prior determination, we agree with the denial of that branch of his motion which was, in effect, pursuant to CPLR 2221(e) (see CPLR 2221[e][2]; Kamel v Mukhopady, 156 AD3d 688, 689; Greene v Rachlin, 154 AD3d 818, 819).
The defendant's remaining contentions are without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court