Soundview Home Loan Trust 2006-OPT1 v Chiarelli (2020 NY Slip Op 05070)





Soundview Home Loan Trust 2006-OPT1 v Chiarelli


2020 NY Slip Op 05070


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2018-06417
2018-06418
 (Index No. 2604/08)

[*1]Soundview Home Loan Trust 2006-OPT1, respondent,
v
John Chiarelli, appellant, et al., defendants.


David A. Blythewood, Mineola, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Chiarelli appeals from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated March 27, 2018, and (2) an order of the same court also dated March 27, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant John Chiarelli and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 5015(a)(3), in effect, to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
In this mortgage foreclosure action, the defendant mortgagor, John Chiarelli (hereinafter the defendant), defaulted by failing to answer the complaint. The plaintiff subsequently moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved pursuant to CPLR 5015(a)(3), in effect, to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him.
In an order dated March 27, 2018, the Supreme Court, among other things, granted the plaintiff's motion and denied the defendant's cross motion, determining that the defendant failed to demonstrate a reasonable excuse for his default in answering the complaint. In a second order bearing the same date, the court, inter alia, appointed a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
In opposition to the plaintiff's motion and in support of his cross motion, the defendant claimed that the plaintiff demonstrated its standing through the submission of fraudulent documents, which amounted to an allegation of intrinsic fraud (see Wells Fargo Bank, N.A. v Shatles, 157 AD3d 750, 751; US Bank N.A. v Galloway, 150 AD3d 1174, 1175). "Where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (Wells Fargo Bank, N.A. v Shatles, 157 AD3d at 751; see US Bank N.A. v Galloway, 150 AD3d at 1175; Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915, 916). As the defendant did not present any excuse for his default in answering the complaint, we agree with the Supreme Court's [*2]granting of those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and the denial of the defendant's cross motion pursuant to CPLR 5015(a)(3), in effect, to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him.
In view of the foregoing, we need not consider the defendant's remaining contentions.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court