JPMorgan Chase Bank, N.A. v Campbell (2020 NY Slip Op 07361)





JPMorgan Chase Bank, N.A. v Campbell


2020 NY Slip Op 07361


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-00018
 (Index No. 14543/13)

[*1]JPMorgan Chase Bank, National Association, appellant,
v
Phillip Campbell, et al., respondents.


Parker Ibrahim & Berg LLP, New York, NY (Charles W. Miller III of counsel), for appellant.
Michael A. Previto, Melville, NY, for respondents.



DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated May 14, 2018. The order denied the plaintiff's motion for leave to amend the complaint and granted the defendants' cross motion to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for leave to amend the complaint is granted, and the defendants' cross motion to dismiss the complaint is denied.
The defendants, Phillip Campbell and Sandra Campbell, purchased the subject premises on September 19, 2001. On September 19, 2008, as part of a cash-out refinance, the defendants and their son, Ryan Campbell, executed a promissory note. As security for the note, the defendants and Ryan Campbell executed a mortgage encumbering the subject property. The mortgage was never recorded. A majority of the proceeds of the loan were disbursed to satisfy a prior mortgage. On the same day, the defendants executed a bargain and sale deed transferring title to themselves and Ryan Campbell. The defendants defaulted on the loan by failing to make the monthly installment payment due December 1, 2009.
By summons and complaint dated November 21, 2013, the plaintiff commenced this action against the defendants for a judgment declaring that it held a mortgage on the subject premises. In March 2015, the defendants filed a petition under Chapter 13 of the United States Bankruptcy Code (11 USC § 1301 et seq.), listing the plaintiff as an unsecured creditor. In February 2016, by consent order, the plaintiff was granted relief from the automatic bankruptcy stay to proceed with the instant action. In June 2016, the defendants were granted a discharge and the Chapter 13 case was closed. Thereafter, having located a copy of the unrecorded mortgage, the plaintiff moved for leave to amend the complaint to, inter alia, add a cause of action to foreclose the mortgage and to add Ryan Campbell as a defendant. The defendants cross-moved to dismiss the complaint, arguing, among other things, that the bankruptcy court discharged the defendants from all unsecured debts, including the plaintiff's. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.
The plaintiff's motion for leave to amend the complaint should have been granted. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party, the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit. In determining a motion for leave to amend a pleading, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack or merit is clear and free from doubt. The determination to permit or deny an amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Great Homes Group, LLC v GMAC Mtge., LLC, 180 AD3d 1013).
Here, the proposed amendments are not palpably insufficient or patently devoid of merit. Contrary to the Supreme Court's determination and the defendants' contentions, under the circumstances of this case, including that the instant action involving the validity of the mortgage was pending when the defendants filed their bankruptcy petition (see U.S. Bank N.A. v McKenna, 149 AD3d 1136, 1138), the plaintiff's security interest in the subject property survived the defendants' discharge in bankruptcy (see Carman v European Am. Bank & Trust Co., 78 NY2d 1066, 1067; Emigrant Bank v Drimmer, 171 AD3d 1132, 1133; Citimortgage, Inc. v Chouen, 154 AD3d 914, 915; U.S. Bank N.A. v McKenna, 149 AD3d at 1138; Cen-Pen Corp. v Hanson, 58 F3d 89, 93 [4th Cir]). In addition, the fact that the bargain and sale deed was not recorded did not prevent the plaintiff from adding Ryan Campbell as a defendant (see Matter of Humann, 136 AD3d 1036, 1037; Saline v Saline, 106 AD3d 1072, 1074).
For the same reasons, the Supreme Court should have denied the defendants' cross motion to dismiss the complaint.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court