Recine v Recine (2022 NY Slip Op 00325)





Recine v Recine


2022 NY Slip Op 00325


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-06689
 (Index No. 605495/17)

[*1]John Recine, etc., respondent,
v
Luciano Recine, et al., appellants.


Fiscella & Associates, P.C., Garden City, NY (James B. Fiscella of counsel), for appellants.
Farley & Kessler, P.C., Jericho, NY (Richard L. Farley, Susan R. Nudelman, and Zara Watkins of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered April 22, 2018. The order, insofar as appealed from, granted the plaintiff's motion for leave to amend the complaint, and denied the defendants' cross motion for summary judgment dismissing the original complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, John Recine, and his siblings, the defendants Luciano Recine and Salimar Christina Recine (hereinafter together the Recine defendants), are the managing members of the defendant Recine Properties, LLC (hereinafter the company, and hereinafter collectively with the Recine defendants, the defendants), which is a limited liability company formed for the purpose of acquiring, holding, and disposing of certain real property in Rockaway Beach. The plaintiff commenced this action, individually and derivatively, against the defendants, among others, asserting causes of action, inter alia, sounding in breach of fiduciary duty, misappropriation and conversion, and unjust enrichment, and for an accounting and injunctive relief. The plaintiff alleged that the Recine defendants sold the property, the company's sole asset, without his knowledge or consent, thereafter intended to divert or diverted a portion of the proceeds for the benefit of their separate business interests, and refused his requests for information and documentation regarding the sale and the disposition of the proceeds.
In February 2019, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint against the defendants. The defendants opposed the motion and cross-moved for summary judgment dismissing the original complaint insofar as asserted against them. By order entered April 22, 2019, the Supreme Court, inter alia, granted the plaintiff's motion, and denied the defendants' cross motion. The defendants appeal.
"[A]pplications for leave to amend pleadings under CPLR 3025 (b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, [*2]or (2) is palpably insufficient or patently devoid of merit" (Venables v Rovegno, 195 AD3d 876, 878 [internal quotation marks omitted]). "In determining a motion for leave to amend a pleading, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (JPMorgan Chase Bank, N.A. v Campbell, 189 AD3d 1014, 1015; see Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836). Here, the Supreme Court properly granted the plaintiff's motion for leave to amend the complaint, as the amended complaint was not palpably insufficient or patently devoid of merit.
Contrary to the defendants' contention, the alleged improper combining of direct and derivative causes of action in the original complaint did not require denial of leave to amend the complaint and dismissal of the complaint (see Abrams v Donati, 66 NY2d 951, 953; Dian Kui Su v Sing Ming Chao, 150 AD3d 424, 425; see also Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 244).
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court