Matter of Pontillo v Pearce (2025 NY Slip Op 06324)

Matter of Pontillo v Pearce

2025 NY Slip Op 06324

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-11407
 (Docket Nos. F-2307-13/21T, F-2307-13/21U)

[*1]In the Matter of John S. Pontillo, appellant,
v
Ida Pearce, respondent.

John Pontillo, named herein as John S. Pontillo, Hopewell Junction, NY, appellant pro se.
Legal Services of the Hudson Valley, Poughkeepsie, NY (Rachel Saunders of counsel), for respondent.
Diane Foley, Wappingers Falls, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated October 11, 2024. The order denied the father's motion, in effect, pursuant to CPLR 5015(a)(2) to vacate an amended order of the same court dated February 28, 2024, denying the father's petitions to terminate his child support obligation, and pursuant to CPLR 4404(b) for a new trial and a change of venue.
ORDERED that the order is affirmed, with costs.
The parties are divorced and have two children. By amended judgment of divorce dated January 6, 2014, the father was directed to pay child support for the parties' two children. In 2021, the father commenced two proceedings to terminate his child support obligation. In an amended order dated February 28, 2024, the Family Court, after a hearing, denied the father's petitions. The father then moved, in effect, pursuant to CPLR 5015(a)(2) to vacate the amended order and pursuant to CPLR 4404(b) for a new trial and a change of venue. In an order dated October 11, 2024, the court denied the father's motion. The father appeals from the order dated October 11, 2024.
Pursuant to CPLR 4404(b), after a trial not triable as of right by a jury, "upon the motion of any party or on its own initiative, the court may set aside its decision or any judgment entered thereon. It may make new findings of fact or conclusions of law, with or without taking additional testimony, render a new decision and direct entry of judgment, or it may order a new trial of a cause of action or separable issue."
"The court which rendered a judgment or order may relieve a party from it . . . upon the ground of . . . newly-discovered evidence which, if introduced at trial, would probably have produced a different result" (CPLR 5015[a][2]). "Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Matter of Munoz v O'Connor-Gang, 154 AD3d 700, 702 [internal quotation [*2]marks omitted]). Here, the evidence offered by the father, which consisted of, inter alia, the testimony of the parties' oldest child from a subsequent proceeding, was not in existence at the time of the issuance of the amended order dated February 28, 2024. Thus, this testimony did not meet the criteria for newly discovered evidence (see Matter of Munoz v O'Connor-Gang, 154 AD3d at 702; Matter of Monasterska v Burns, 121 AD3d 902, 902).
The Family Court providently exercised its discretion in denying the father's request to admit certain documents from the Dutchess County Sheriff's Department into evidence, as these documents were not properly authenticated and the father failed to establish a proper foundation for their admission (see CPLR 4518; Afridi v Glen Oaks Vil. Owners, Inc., 49 AD3d 571, 572). Further, the court providently exercised its discretion in denying the father's request to call the parties' oldest child as a witness, as the father failed to demonstrate the relevance of this proposed testimony (see People v Lin Li, 207 AD3d 566, 569-570; Matter of Gansburg v Behrman, 167 AD3d 882, 883).
The father contends that the Family Court improperly relied upon records that were not admitted into evidence in rendering its decision on his petitions. However, the court subsequently amended the order denying his petitions by omitting any references to these records. In any event, this error was harmless, as there was a sound and substantial basis in the record for the court's determination without consideration of the records in question (see Matter of Fraser v Miller, 241 AD3d 826, 827; Matter of Lane v Lane, 68 AD3d 995, 997).
The father's contention that the Family Court was biased against him is unpreserved for appellate review. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894; see Matter of George A.C. [Anthony C.], 223 AD3d 798, 800). "In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of George A.C. [Anthony C.], 223 AD3d at 800 [internal quotation marks omitted]; see Matter of Hossain v Chowdhury, 238 AD3d 751, 753). A review of the record, here, shows that the Family Court listened to the testimony, treated the parties fairly, and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Perlman v Kolodny, 236 AD3d 1038, 1044; Matter of Goundan v Goundan, 210 AD3d 1087, 1089).
Accordingly, the Family Court properly denied the father's motion.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court