In the Matter of JENNY A., Appellant, v CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent. [857 NYS2d 845]—

Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered January 31, 2007 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order dismissing her petition seeking custody and visitation of her two children following her judicial surrender of her children to respondent (*see* Social Services Law § 383-c [3]), petitioner mother contends that she was coerced by respondent to execute the surrender instrument. We reject that contention. According to the mother, she had been informed by respondent that it would seek termination of her parental rights if she did not agree to the surrender. A surrender instrument is voidable on the ground of coercion or duress "when a party establishes that he [or she] was forced to agree to it by means of a wrongful threat which precluded the exercise of his [or her] free will" (*Matter of Podmore v Our Lady of Victory Infant Home*, 82 AD2d 48, 50 [1981]). "[I]nforming a parent of an accurate, albeit unpleasant, event is not coercion" (*Matter of Baby Boy O.*, 289 AD2d 631, 633 [2001], *lv dismissed* 97 NY2d 725 [2002]). To the contrary, that information, i.e., respondent's intention to seek termination of the mother's parental rights, was necessary to enable the mother to make an informed decision (*see id.*).

We reject the further contention of the mother that the surrender instrument was void because she believed that she would still have visitation rights with her children. The record establishes that the only condition of the surrender instrument was that the children would be adopted by their foster parents (*see* Social Services Law § 383-c [2] [a]) and, contrary to the contention of the mother, there was no agreement therein providing for communication or contact between the mother and the children (*see* § 383-c [2] [b]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.