■ In the Matter of AMANDA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALLISON B., Respondent. ROBERT C. MITCHELL et al., Nonparty Appellants. (Proceeding No. 1.) In the Matter of SEAN S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALLISON B., Respondent. ROBERT C. MITCHELL et al., Nonparty Appellants. (Proceeding No. 2.) [882 NYS2d 490]—

In related child protective proceedings pursuant to Family Court Act article 10, the attorney for the children appeals, as limited by his brief, and the foster parents appeal, as limited by their brief, from so much of an order of the Family Court, Suffolk County (Tarantino, J.), dated August 25, 2008, as, after a hearing, granted the petition to the extent of directing the return of the child Sean S. to the mother Allison B. By decision and order on motion of this Court dated September 9, 2008, enforcement of the order was stayed pending hearing and determination of the appeals [2008 NY Slip Op 82126(U)].

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith, including a new hearing before a different Judge.

The foster parents have the right to participate in these neglect proceedings which concern children who reside with them, and have the right to appeal from an order by which they are aggrieved (*see* Family Ct Act § 1089 [b] [1] [i]; CPLR 5511; Family Ct Act § 1112 [a]; *Matter of Department of Social Servs. v Sarah L.,* 236 AD2d 396 [1997]).

Under the circumstances of this case, the Family Court erred in directing the return of one of the subject children to the respondent mother without making any determination as to the best interests of that child (*see generally* Family Ct Act § 1055; *Matter of Craig B.,* 289 AD2d 327, 328 [2001]). Furthermore, given the preconceived opinion expressed by and the lack of impartiality repeatedly exhibited by the Family Court Judge in this case, the matter must be remitted to the Family Court, Suffolk County, for a new hearing and determination by a different Judge.

In view of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.

---

Motion by the petitioner, inter alia, to dismiss an appeal by the foster parents from an order of the Family Court, Suffolk County, dated August 25, 2008, on the ground that they lack "standing to appeal." By decision and order on motion of this Court dated March 31, 2009 [2009 NY Slip Op 68169(U)], the determination of that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is denied (*see* CPLR 5511). Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.