■ In the Matter of CRAIG A. BOWE, Respondent, v ANGELLA BOWE, Appellant. (Proceeding No. 1.) In the Matter of ANGELLA BOWE, Appellant, v CRAIG A. BOWE, Respondent. (Proceeding No. 2.) [1 NYS3d 301]—

Appeal from an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated December 13, 2013. The order, after a hearing, granted the father's petition for sole custody of the subject child, and denied the mother's petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father each filed petitions for sole custody of their youngest daughter. The mother contends that, during the hearing on the petitions, the Family Court improperly considered a prior Family Court order dated April 24, 2006, awarding the father custody of the parties' eldest child. However, the mother waived any objection to that evidence when her attorney consented to its admission at the hearing.

The mother's further contention that the Family Court was biased against her in the conduct of the hearing is unpreserved for appellate review. A party claiming court bias must preserve an objection and move for the court to recuse itself (*see Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181 [2011]). In any event, when a claim of bias is raised, the "inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party" (*Matter of Davis v Pignataro*, 97 AD3d 677, 678 [2012]; *see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 465, 466 [2006]). Here, the record shows that the Family Court treated the parties fairly and did not have a predetermined outcome of the case in mind during the hearing (*see Matter of Davis v Pignataro*, 97 AD3d at 678; *Hoey v Rawlings*, 51 AD3d 868, 869 [2008]; *Lorenzo v Mass, Inc.*, 31 AD3d 616, 617 [2006]).

The essential consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Saravia v Godzieba*, 120 AD3d 821, 821-822 [2014]; *Matter of Gribeluk v Gribeluk*, 120 AD3d 579 [2014]; *Matter of Eison v Eison*, 119 AD3d 861 [2014]), and no parent has a prima facie right to the custody of the child (*see* Domestic Relations Law §§ 70 [a]; 240 [1] [a]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Wallace v Roberts*, 105 AD3d 1053 [2013]; *Lionetti v Lionetti*, 100 AD3d 971 [2012]). The factors to be considered in making a custody determination include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide economically for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Matter of Islam v Lee*, 115 AD3d 952 [2014]; *Matter of Maraj v Gordon*, 102 AD3d 698 [2013]; *Matter of McGovern v Lynch*, 62 AD3d 712 [2009]). The court is to consider the totality of the circumstances, and the existence or absence of any one factor is not determinative (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Maraj v Gordon*, 102 AD3d at 698; *Matter of Blakeney v Blakeney*, 99 AD3d 898 [2012]; *Pollack v Pollack*, 56 AD3d 637 [2008]).

Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see Matter of Gribeluk v Gribeluk*, 120 AD3d at 579; *Matter of Weiss v Rosenthal*, 120 AD3d 505, 506 [2014]; *Matter of Eison v*

*Eison,* 119 AD3d at 861). Accordingly, where a court has conducted a complete evidentiary hearing, its custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Saravia v Godzieba,* 120 AD3d at 822; *Matter of Gribeluk v Gribeluk,* 120 AD3d at 579; *Matter of Cruz v Cruz,* 118 AD3d 780 [2014]).

When the aforementioned factors are applied in this case, it is clear that the Family Court's determination to award sole custody of the subject child to the father has a sound and substantial basis in the record. Accordingly, the determination will not be disturbed.

The mother's remaining contentions are without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.