■ In the Matter of Baby Girl Z., Also Known as Maria G. Administration for Children's Services, Respondent; Yaroslava Z., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Lawrence Z. Administration for Children's Services, Respondent; Yaroslava Z., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of Elizabeth G. Administration for Children's Services, Respondent; Yaroslava Z., Appellant, et al., Respondent. (Proceeding No. 3.) [35 NYS3d 129]—

Appeal from an order of the Family Court, Queens County (Margaret P. McGowan, J.), dated April 28, 2015. The order, after a hearing, granted the application of the attorney for the children to direct that the subject children be immunized in accordance with Public Health Law § 2164.

Ordered that the order is reversed, on the law and in the

exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new hearing on the application before a different Judge, to be held forthwith, and a new determination thereafter.

The petitioner commenced these child protective proceedings pursuant to Family Court Act article 10, and the subject children were remanded to the custody of the Administration for Children's Services (hereinafter ACS). Following a hearing, the Family Court granted the application of the attorney for the children, joined by ACS, to direct that the children be immunized over the mother's objection.

Public Health Law § 2164, which requires that an adequate dose or doses of an immunizing agent against certain diseases be administered to children at various intervals, does not apply to children whose parent or parents hold genuine and sincere religious beliefs which are contrary to the practices required therein (see Public Health Law § 2164 [9]). When a parent seeks to assert a religious objection to immunization under Public Health Law § 2164 (9), he or she must prove, by a preponderance of the evidence, that his or her opposition to immunization " 'stems from genuinely-held religious beliefs' " (Matter of Isaac J. [Joyce J.], 75 AD3d 506, 507 [2010], quoting Bowden v Iona Grammar School, 284 AD2d 357, 359 [2001]).

Here, the mother contends that the Family Court was biased against her, depriving her of a fair and impartial hearing. A party claiming court bias must preserve an objection and move for the court to recuse itself (see Matter of Bowe v Bowe, 124 AD3d 645, 646 [2015]; Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1184 [2011]). The mother did not move for the Family Court to recuse itself, and thus, her contention that the court was biased against her in the conduct of the hearing is unpreserved for appellate review (see Matter of Bowe v Bowe, 124 AD3d at 646; Matter of Kimberly Z. [Jason Z.], 88 AD3d at 1184). Although this issue is unpreserved for appellate review, we exercise our power to reach it in the interest of justice because the Family Court's conduct deprived the mother of a fair hearing (see Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC, 21 NY3d 352, 361 n 4 [2013]; Martin v City of Cohoes, 37 NY2d 162, 165 [1975]). "[W]hen a claim of bias is raised, the 'inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party' " (Matter of Bowe v Bowe, 124 AD3d at 646, quoting Matter of Davis v Pignataro, 97 AD3d 677, 678 [2012]). Here, the record demonstrates that the Family Court had a predetermined outcome of the case in mind during the hearing.

In addition to certain comments made by the court regarding the sincerity of the mother's religious beliefs, the court took an adversarial stance, aggressively cross-examined the mother, continually interrupted her testimony, mocked her beliefs, and generally demonstrated bias. The Family Court's bias unjustly affected the result of the hearing to the detriment of the mother.

Therefore, we reverse the order and remit the matter to the Family Court, Queens County, for a new hearing and determination on the application. Under the circumstances of this case, we deem it appropriate that the new hearing be held before a different Judge.

In light of our determination, we need not address the parties' remaining contentions. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.

Motion by the attorney for the children to dismiss an appeal from an order of the Family Court, Queens County, dated April 28, 2015, on the ground that it has been rendered academic. By decision and order on motion of this Court dated January 11, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is denied. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.