Matter of Berg v Berg (2018 NY Slip Op 07719)





Matter of Berg v Berg


2018 NY Slip Op 07719


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-12901
 (Docket No. F-11977-14/14B)

[*1]In the Matter of Julie Sue Berg, respondent,
v
Michael Alan Berg, appellant.


Lisa Siano, Merrick, NY, for appellant.
Richman & Levine, P.C., Garden City, NY (Ira W. Seligman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Thomas Rademaker, J.), dated November 1, 2016. The order of commitment, in effect, confirmed an order of disposition of the same court (Elizabeth A. Bloom, S.M.), dated October 12, 2016, made after a hearing, finding that the father was in willful violation of his spousal maintenance and child support obligations contained in a judgment of divorce dated August 1, 2012, and committed him to the custody of the Nassau County Correctional Facility for a period of four months unless he paid a purge amount of $517,857.25.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of four months is dismissed as academic, without costs or disbursements, as the period of commitment has expired (see Matter of Stradford v Blake, 141 AD3d 725, 726); and it is further,
ORDERED that the order of commitment is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith before a different Judge.
The parties were divorced by a judgment dated August 1, 2012, which set forth the father's obligations with respect to spousal maintenance and child support for the parties' daughter. In December 2014, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of his support obligations. Following a hearing, the Support Magistrate found that the father willfully violated his support obligations. The Support Magistrate recommended that the father be committed to County jail for a period of 30 days, and referred the matter to a Judge of the Family Court for confirmation pursuant to Family Court Act § 439(a). In the order of commitment appealed from, the Family Court, in effect, confirmed the finding of a willful violation and committed the father to the custody of the Nassau County Correctional Facility for a period of four months unless he paid a purge amount of $517,857.25.
Although the appeal from so much of the order of commitment as directed that the father be incarcerated must be dismissed as academic, the appeal from so much of the order of [*2]commitment as, in effect, confirmed the finding that the father was in willful violation of his support obligations is not academic in light of the enduring consequences which could flow from the finding that he violated his support obligations (see Matter of Stradford v Blake, 141 AD3d 725, 726; Matter of Dezil v Garlick, 136 AD3d 904, 905).
The father contends that he was denied the effective assistance of counsel at the hearing before the Support Magistrate. Contrary to the father's contention, viewed in totality, the record reveals that he received meaningful representation at the hearing (see Matter of Schad v Schad, 158 AD3d 705, 707; Matter of Becker v Guenther, 150 AD3d 985, 986).
The father failed to preserve for appellate review his contention that the Family Court Judge was biased against him and unable to review the Support Magistrate's findings objectively and impartially. A party claiming court bias should preserve an objection and move for the court to recuse itself (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894; Matter of Bowe v Bowe, 124 AD3d 645, 646). Here, the father did not move for the Family Court to recuse itself. However, although the father's contention that the Family Court Judge was biased against him is unpreserved for appellate review, under the circumstances of this case, we reach the issue in the interest of justice (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 894).
"[W]hen a claim of bias is raised, the inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party'" (Matter of Bowe v Bowe, 124 AD3d at 646, quoting Matter of Davis v Pignataro, 97 AD3d 677, 678; see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 894). Here, the record reflects that when the parties appeared before the Family Court Judge, the Judge took an adversarial stance toward the father and made numerous improper remarks to him (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 895). The Judge told the father, among other things, that he "symbolizes everything that's wrong with the world today," and that he was "[s]elfish, self-interested, [and] self-seeking." The Judge repeated similar remarks multiple times during the proceeding. The Judge also called the father "lazy" and "arrogant," and remarked that he was "the last guy that [the Judge would] want to be in a fox hole with" because he would "fold like a cheap suit." The Judge compared the father's accumulation of arrears to "an arsonist that starts a fire that kills one person, that kills ten." Additionally, the Judge made the matter personal by comparing the father's experiences to the Judge's own. For instance, the Judge described his own past misfortune, and detailed how he picked himself up to became a judge. At the conclusion of the proceeding, the Judge committed the father to four times the period of incarceration recommended by the Support Magistrate. Under the circumstances, the bias of the Family Court Judge apparently unjustly affected the result of the proceeding to the detriment of the father.
Accordingly, the order of commitment should be reversed, and the matter remitted to the Family Court, Nassau County, for further proceedings pursuant to Family Court Act § 439(a) before a different Judge.
In light of our determination, we need not address the father's remaining contention.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court