Matter of Brandon E. v Kim E. (2018 NY Slip Op 08731)





Matter of Brandon E. v Kim E.


2018 NY Slip Op 08731


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526397

[*1]In the Matter of BRANDON E., Respondent,
v
KIM E., Appellant.

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


McNamee Lochner PC, Albany (Bruce J. Wagner of counsel), for appellant.
Thomas B. Wheeler, Potsdam, for respondent.
Gregory P. Storie, Rensselaer Falls, attorney for the child.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered September 8, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2005). The prior custody order granted the parents joint legal custody and shared physical placement alternating every five days. That order prohibited either parent and his or her family members from attending any of the child's events that occurred during the child's time with the other parent. Following a hearing on the father's modification petition, Family Court granted him sole legal and primary physical custody, with visitation to the mother every other weekend. The mother appeals.
Family Court's determination to modify custody was supported by a sound and substantial basis in the record. "A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007 [2016] [internal quotation marks and citations omitted]). Although the parties did not get along well previously, record evidence indicates that their relationship continued to deteriorate. The parties communicated only by email or text message. Despite the order of joint custody, they could not agree on many things, leaving important decisions regarding the child in limbo. For instance, the mother refused to consent to the child receiving a flu shot and wanted to contemplate it for months, even after the child's physician and other medical professionals recommended it. The provisions in the prior order were intended to relieve tense situations, but tension between the parties continued and affected the child. Thus, based on the parties' unwillingness or inability to set aside their differences to make joint [*2]decisions for the good of the child, the court correctly found a change in circumstances warranting a best interests analysis (see Matter of LaBaff v Dennis, 160 AD3d 1096, 1096-1097 [2018]; Matter of Colleen GG. v Richard HH., 135 AD3d at 1007; Matter of Deyo v Bagnato, 107 AD3d 1317, 1318 [2013], lv denied 22 NY3d 851 [2013]).
The father was attuned to the child's anxiety and stress related to the parents' disagreements, and the father attempted to alleviate those feelings or avoid situations that would exacerbate them. The mother did not seem to understand how situations affected the child and sometimes created stress for him. She denigrated the father and his wife on social media accounts to which the child had access. Not only was the mother stopped and questioned for shoplifting in the child's presence, which eventually led to her arrest, but she originally testified that the child was not present at that time. The mother did not acknowledge that this situation had a negative effect on the child. The father testified regarding several instances in which he and his wife encouraged interactions between the child and the mother or her boyfriend during the father's parenting time and instances in which the mother refused to permit the father or his wife to interact with the child during her parenting time. Although the father's wife has been involved with the child since he was one year old, the mother does not recognize that relationship and its importance to the child. Family Court did not err in determining that joint legal custody was improper due to the acrimony between the parties, that the child needed more stability and that the father was the parent more likely to provide a stable household and encourage a relationship with the other parent. Giving deference to the court's credibility determinations, the record contains a sound and substantial basis to conclude that an award of sole custody to the father is in the child's best interests (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1246 [2018]; Robert B. v Linda B., 119 AD3d 1006, 1009-1011 [2014], lv denied 24 NY3d 906 [2014]).
"The determination of whether to hold a Lincoln hearing lies within Family Court's discretion" and such a hearing will not be conducted if it will have a "potential negative impact on the child" (Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1091-1092 [2011] [citation omitted]; see Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]). Considering the stress to the child in dealing with the parents' contentious relationship, and that the attorney for the child opposed such a hearing and advocated for the child's wishes, Family Court did not abuse its discretion in declining to conduct a Lincoln hearing. Contrary to the mother's argument, the court did not disregard the position of the attorney for the child — which was to grant the father sole legal custody but maintain equal parenting time — but instead merely declined to fully adopt that position. "Although the position of the attorney for the child is a factor to be considered in determining a child's best interests, it is not determinative" (Matter of Benjamin v Lemasters, 125 AD3d 1144, 1147 [2015] [citations omitted]; see Matter of Brent O. v Lisa P., 161 AD3d at 1246). The mother's bias argument is not preserved for our review because she did not object to Family Court's comments or move for the court's recusal (see Matter of Bowe v Bowe, 124 AD3d 645, 646 [2015]; Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1184 [2011]).
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.