Matter of Valentin v Valentin (2019 NY Slip Op 07593)





Matter of Valentin v Valentin


2019 NY Slip Op 07593


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-05089
 (Docket Nos. V-9111-13, V-5706-13)

[*1]In the Matter of Virzhiniya Toneva Valentin, appellant,
v
Luis M. Valentin, respondent. (Proceeding No. 1.)
In the Matter of Luis M. Valentin, respondent,Virzhiniya Toneva Valentin, appellant. (Proceeding No. 2.)


Lewis S. Calderon, Jamaica, NY, for appellant.
Michael E. Lipson, Jericho, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated March 28, 2018. The order, after a hearing, granted the father's petition for sole legal and physical custody of the subject child, denied the mother's cross petition for sole legal and physical custody of the child, and directed that the mother's parental access be supervised.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married in 2007 and are the parents of one child, born in 2009. The parties separated in 2013. Thereafter, the father filed a petition for sole legal and physical custody of the child, and the mother filed a cross petition for sole legal and physical custody. After a hearing, the Family Court granted the father's petition, denied the mother's cross petition, and awarded the mother supervised parental access with the child. The mother appeals.
" The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Gooler v Gooler, 107 AD3d 712, 712, quoting Matter of Julie v Wills, 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Tinger v Tinger, 108 AD3d 569, 570; Matter of Swinson v Brewington, 84 AD3d 1251, 1253). Since custody determinations depend to a great extent upon the [*2]Family Court's assessment of the character and credibility of the parties and witnesses, deference is accorded to that court's credibility findings (see Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046). Custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (see id. at 1046; see also Matter of Gooler v Gooler, 107 AD3d at 712).
The Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Bowe v Bowe, 124 AD3d 645, 646; Matter of Gribeluk v Gribeluk, 120 AD3d 579, 580). Contrary to the mother's contentions, the court did not fail to give proper consideration to the alleged history of domestic violence (see Matter of Saunders v Stull, 133 AD3d 1383, 1383; Matter of Felty v Felty, 108 AD3d 705, 707; Matter of Wissink v Wissink, 301 AD2d 36, 39).
A determination with respect to parental access, including whether it should be supervised, is within the sound discretion of the trial court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Lopez v Lopez, 127 AD3d 974, 974-975; Matter of Costigan v Renner, 123 AD3d 825, 825-826; Matter of Morgan v Sheevers, 259 AD2d 619, 620). Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child (see Matter of Gainza v Gainza, 24 AD3d 551, 551; see also Rosenberg v Rosenberg, 44 AD3d 1022, 1024; Purcell v Purcell, 5 AD3d 752, 753). Contrary to the mother's contention, there was a sound and substantial basis in the record for the Family Court's directive that her parental access with the child be supervised.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court