Matter of Gregoire v Yadram (2019 NY Slip Op 07894)





Matter of Gregoire v Yadram


2019 NY Slip Op 07894


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02147
 (Docket Nos. V-30149-17, V-31559-17)

[*1]In the Matter of Carlo Gregoire, appellant,
v
Seelwatie Yadram, respondent. (Proceeding No. 1.)
In the Matter of Seelwattie Yadram, respondent,Carlo Gregoire, appellant. (Proceeding No. 2.)


Christian P. Myrill, Jamaica, NY, for appellant.
Karen P. Simmons, Brooklyn, NY (Louis Feld and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated February 19, 2019. The order, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child, with parental access to the father, and, in effect, denied the father's petition for sole legal and physical custody of the child.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof directing that the parties "may add school vacation and summer vacation [parental access] if they are off from work"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a reopened hearing and, thereafter, a new determination of a school holiday and vacation parental access schedule for the child in accordance herewith; and it is further,
ORDERED that pending the new determination by the Family Court, Kings County, the subject provision of the order shall remain in effect.
The parties, who were never married, have one child in common, born in 2012. In November 2017, they each filed a petition seeking sole custody of the child. After a hearing, the Family Court granted the mother's petition, awarding her sole physical and legal custody of the child, and, in effect, denied the father's petition. In the order, the court set forth a weekly parental access schedule and a schedule with respect to certain holidays. However, as to the child's school holiday and vacation time, the court provided that the parties "may add school vacation and summer vacation [parental access] if they are off from work." The father appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Domestic Relations Law [*2]§ 70[a]; Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Louise E. S. v W. Stephen S., 64 NY2d 946, 947; Eschbach v Eschbach, 56 NY2d at 172-173). Additionally, if domestic violence is alleged and proven by a preponderance of the evidence, "the court must consider the effect of such domestic violence upon the best interests of the child," along with all the other relevant factors (Domestic Relations Law § 240[1][a]; see Matter of Felty v Felty, 108 AD3d 705, 707; Matter of Wissink v Wissink, 301 AD2d 36, 39).
We agree with the Family Court's determination that an award of sole custody to the mother was in the child's best interests. Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court, which has direct access to the parties (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Gooler v Gooler, 107 AD3d 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Saravia v Godzieba, 120 AD3d 821, 822; Matter of Gooler v Gooler, 107 AD3d at 712).
Here, the Family Court's determination that the child's best interests would be served by awarding sole custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Bowe v Bowe, 124 AD3d 645, 647; Matter of Gribeluk v Gribeluk, 120 AD3d 579, 580). The court, having the benefit of observing and listening to the witnesses firsthand, credited the mother's testimony concerning acts of domestic violence committed by the father, and found that his denials thereof lacked veracity (see Matter of Felty v Felty, 108 AD3d at 707; Costigan v Renner, 76 AD3d 1039, 1040). Contrary to the father's contention, joint custody was inappropriate given the antagonistic relationship between the parties (see Bliss v Ach, 56 NY2d 995; Braiman v Braiman, 44 NY2d 584, 589-590).
The father's further contention that the Family Court was biased against him is unpreserved for appellate review. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894; see Matter of Bowe v Bowe, 124 AD3d at 646). In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's "bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of Bowe v Bowe, 124 AD3d at 646 [internal quotation marks omitted]; see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 894). A review of the record shows that the court listened to the testimony, treated the parties fairly, and did not have "a predetermined outcome of the case in mind during the hearing" (Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 894; see Matter of Bowe v Bowe, 124 AD3d at 646).
However, we agree with the father that the Family Court should have set forth a more precise parental access schedule for the child's school holiday and vacation time. Given the history of the parties' relationship and inability to cooperate in reaching agreement with respect to the child, the court should set forth a specific schedule of that parental access (see Matter of Cabano v Petrella, 169 AD3d 901, 903; R.K. v R.G., 169 AD3d 892, 895; Matter of Alvarado v Cordova, 158 AD3d 794, 795; Gillis v Gillis, 113 AD3d 816, 817). Accordingly, we remit the matter to the Family Court, Kings County, for a reopened hearing and, thereafter, a new determination setting forth a more detailed schedule of the school holiday and vacation parental access that is in the best interests of the child (see Matter of Cabano v Petrella, 169 AD3d at 903; Matter of Alvarado v Cordova, 158 AD3d at 795; Gillis v Gillis, 113 AD3d at 817).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court