Matter of Siegell v Iqbal (2020 NY Slip Op 02084)





Matter of Siegell v Iqbal


2020 NY Slip Op 02084


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-00769
 (Docket Nos. V-15235-18, V-16277-18)

[*1]In the Matter of Briana Siegell, appellant,
v
Adeel Iqbal, respondent.


Judd & Moss, P.C., Ronkonkoma, NY (Francine H. Moss of counsel), for appellant.
Elizabeth Harrington, East Moriches, NY, for respondent.
Joseph H. Johnson, Mastic Beach, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated December 17, 2018. The order, after a hearing, in effect, granted the father's amended cross petition for sole legal and physical custody of the parties' child and, in effect, denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing on the issue of custody before a different Judge, to be held with all convenient speed, and a new determination thereafter; and it is further,
ORDERED that pending the new determination, temporary sole legal and physical custody of the child shall remain with the father, with parental access to the mother pursuant to the terms of the order appealed from.
The mother and the father are the parents of a daughter, born in February 2018. In October 2018, the mother commenced a proceeding for sole custody of the child. The father cross-petitioned for joint custody, but, shortly before the hearing commenced, amended his petition to seek sole custody of the child.
By order dated December 17, 2018, following a hearing, the Family Court awarded sole legal custody of the child to the father with a parental access schedule between the mother and the child. The mother appeals.
The record of the proceedings supports the mother's contention that the Family Court was biased against her, depriving her of a fair and impartial hearing. Although the mother's claim of bias is not preserved for appellate review (see Matter of Bowe v Bowe, 124 AD3d 645, 646), we reach the issue in the interest of justice (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894). Here, the record demonstrates that the court predetermined the outcome of the case during the [*2]hearing and took an adversarial stance against the mother by, among other things, interjecting itself into the proceedings by cross-examining the mother on matters irrelevant to a determination of custody, including referring to the mother as "emotionally excessive" and inquiring as to how many online dating web sites the mother utilized at the time she met the father and as to when the mother and the father became intimate. The court also asked the mother, "so you were looking to start a relationship with someone?" and then commented, "And so you were married at the time?" Although the father was also married to someone when he began his relationship with the mother, no such questions or comments were directed to him by the court. The court's inquiry of the mother exceeded 30 pages of transcript over the course of the two-day hearing. Although the court also questioned the father, the first inquiry related to setting up a parental access schedule for the father while the hearing was pending and the second set of inquiries appeared designed to elicit testimony from the father that was unfavorable to the mother, including one instance where the court intimated that the mother was practicing "extortion" against the father in order to gain an advantage in the proceedings (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 894-895; see also Matter of Amanda G., 64 AD3d 595, 596).
The mother's contention that she received ineffective assistance of counsel is without merit (see Matter of Rosado v Rosado, 136 AD3d 927, 928; Matter of Eltalkhawy v Eltalkhawy, 134 AD3d 707, 707). In addition, where, as here, the mother did not request a forensic evaluation of the father, and there was no evidence that the father's mental health condition ever negatively impacted his ability to parent either this child or his other older children, nor any evidence that the father was not compliant with mental health treatment, the mother's contention that the Family Court should have, sua sponte, ordered a forensic evaluation is without merit (see Matter of Diaz v Santiago, 8 AD3d 562, 563; Mascoli v Mascoli, 132 AD2d 653, 654). The mother's contention regarding the attorney for the child also is without merit (see Matter of Luizzi v Collins, 60 AD3d 1062, 1063).
Accordingly, we reverse the order and remit the matter to the Family Court, Suffolk County, for a new hearing on the issue of custody before a different Judge, to be held with all convenient speed, and a new determination thereafter.
However, since there is evidence in the record that the mother interfered with the father's access with the child before the petitions were filed as well as during the pendency of the proceedings, temporary sole legal and physical custody of the child shall remain with the father, with parental access to the mother pursuant to the terms of the order appealed from, until further determination of the Family Court.
In light of our determination, we need not reach the mother's remaining contentions.
We express no opinion about the outcome of the petitions upon rehearing.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court