Matter of Goundan v Goundan (2022 NY Slip Op 06803)

Matter of Goundan v Goundan

2022 NY Slip Op 06803

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-08793
 (Docket Nos. V-2124-18, V-2125-18/19A/19B, V-22039-18/19A/19B, V-22040-18)

[*1]In the Matter of Ashton K. Goundan, respondent,
v
Latchmani Goundan, appellant.

Larry S. Bachner, New York, NY, for appellant.
Lance K. Dandrige, Jamaica, NY, for respondent.
Nicole Barnum, New York, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an amended final order of the Family Court, Queens County (Elizabeth Fassler, J.), dated August 24, 2020. The amended final order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and physical custody of the parties' children and denied the mother's petition for sole legal and physical custody of the children. The notice of appeal from an order dated August 21, 2020, is deemed to be a notice of appeal from the amended final order dated August 24, 2020 (see CPLR 5512[a]).
ORDERED that the amended final order dated August 24, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the married parents of two children, born in 2009 and 2015, respectively. In 2018, both parties filed petitions seeking sole legal and physical custody of the children. After a hearing, the Family Court, inter alia, awarded the father sole legal and physical custody of the children. The mother appeals.
In determining questions of child custody, the primary concern is the best interests of the children, taking into consideration the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174). The factors to be considered include "'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide
for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of McLennan v Gordon, 122 AD3d 742, 742, quoting Matter of Islam v Lee, 115 AD3d 952, 953). "A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests" (Matter of Gustave v Harris, 176 AD3d 937, 938). In determining whether a proposed move is in the children's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d 727, 740). In the context of an initial custody determination, the strict application of the factors relevant to relocation petitions (see Matter of Tropea v Tropea, 87 NY2d 727) is not required (see Matter Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 934). Instead, the proposed relocation is but one factor for the Family Court to consider in determining what is in the children's best interests (see Matter of Adegbenle v Perez, 135 AD3d 857, 859). As any determination with regard to custody turns in large part on the [*2]assessment of the credibility, character, temperament, and sincerity of the parties, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Cooper v Nicholson, 167 AD3d 602, 604).
Here, the Family Court's determination to award the father sole legal and physical custody of the children, with permission to relocate to New Jersey, has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167; Matter of Mejia v Llarena, 172 AD3d 720, 722; Matter of Dante v Dante, 170 AD3d 829, 831).
The mother's contention that the Family Court erred in not ordering a forensic evaluation prior to reaching its determination is unpreserved for appellate review, as the mother did not request a forensic evaluation. Moreover, the record does not indicate that such an evaluation was necessary to enable the court to reach its determination (see Matter of Samuel v Sowers, 162 AD3d 674, 675).
The mother's claim that the Family Court was biased against her is unpreserved for appellate review. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894). In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's "bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of Bowe v Bowe, 124 AD3d 645, 646 [internal quotation marks omitted]). A review of the record here shows that the court listened to the testimony, treated the parties fairly, and did not have "a predetermined outcome of the case in mind during the hearing" (Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d at 894).
The mother's remaining contentions are either unpreserved for appellate review or without merit.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court