Matter of Anthony J. (Siobvan M.) (2024 NY Slip Op 00574)

Matter of Anthony J. (Siobvan M.)

2024 NY Slip Op 00574

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1038 CAF 22-01146

[*1]IN THE MATTER OF ANTHONY J. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; SIOBVAN M., RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOSEPH M. MARZOCCHI OF COUNSEL), FOR PETITIONER-RESPONDENT. 
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered June 13, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed in the interest of justice and on the law without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order of disposition that, inter alia, adjudicated the subject child to be permanently neglected, terminated the mother's parental rights, and transferred custody of the child to petitioner. We reverse.
We agree with the mother that she was denied due process of law based upon the bias against her displayed by the Family Court Judge. Initially, we note that the mother's contention is unpreserved for our review inasmuch as the mother did not make a motion for the Family Court Judge to recuse herself (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894 [2d Dept 2016]; see generally Matter of Melish v Rinne, 221 AD3d 1560, 1561 [4th Dept 2023]; Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1756 [4th Dept 2020]). Nevertheless, we exercise our power to review that contention in the interest of justice.
It is well established that "[i]n New York, the factfinding stage of a state-initiated permanent neglect proceeding bears many of the indicia of a criminal trial" (Santosky v Kramer, 455 US 745, 762 [1982]). The State "must provide the parents with fundamentally fair procedures" (id. at 754; see Matter of Tammie Z., 66 NY2d 1, 4 [1985]; Matter of Jaleel F., 63 AD3d 1539, 1540-1541 [4th Dept 2009]), including the right to a hearing before an impartial factfinder (see Baby Girl Z., 140 AD3d at 894-895). Here, however, the record demonstrates that Family Court "had a predetermined outcome of the case in mind during the hearing" (id. at 894). During a break in the hearing testimony, a discussion occurred on the record with regard to a voluntary surrender. When the mother changed her mind and stated that she would not give up her child, the court responded, "Then I'm going to do it." At that point, the only evidence that had been presented was the direct testimony of one caseworker. The court's comments, in addition to expressing a preconceived opinion of the case, amounted to a threat that, should the mother continue with the fact-finding hearing, the court would terminate her parental rights (cf. Matter of Jenny A. v Cayuga County Dept. of Health & Human Servs., 50 AD3d 1583, 1583 [4th Dept 2008], lv dismissed 11 NY3d 809 [2008]). Those comments were impermissibly coercive (see generally Social Services Law § 383-c [6] [d]). That the court made good on its promise to terminate the mother's parental rights cannot be tolerated.
The record further demonstrates that the Family Court Judge was annoyed with the mother's refusal to surrender her parental rights to the child. We are compelled to remind the Family Court Judge "that even difficult or obstreperous litigants are entitled to 'patient, dignified and courteous' treatment from the court, and that judges must perform their duties 'without bias or prejudice' " (Matter of Zyion B., — AD3d — [Feb. 2, 2024] [4th Dept 2024], quoting 22 NYCRR 100.3 [B] [3], [4]).
Given the preconceived opinion expressed and the lack of impartiality exhibited by the Family Court Judge in this case, the matter must be remitted to Family Court for a new hearing and determination by a different judge (see Matter of Amanda G., 64 AD3d 595, 596 [2d Dept 2009]).
In light of our determination, we do not reach the mother's remaining contentions.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court