Matter of Roman v Deceus (2025 NY Slip Op 03575)

Matter of Roman v Deceus

2025 NY Slip Op 03575

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-03323
 (Docket No. O-3455-24)

[*1]In the Matter of Alexis Roman, respondent,
v
Ruth Deceus, appellant.

Janet L. Brown, Jamaica, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated April 18, 2024. The order of fact-finding and disposition, after a hearing, found that the mother committed the family offense of harassment in the second degree and directed the issuance of an order of protection in favor of the father and the parties' child and against the mother for a period of two years. 
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The parties are the parents of a child born in 2021. In 2024, the father commenced this family offense proceeding pursuant to Family Court Act article 8 against the mother, alleging that she had committed various family offenses against him and the child. After a hearing, during which both parties testified, the Family Court found that a fair preponderance of the evidence established that the mother committed the family offense of harassment in the second degree and directed the issuance of an order of protection. The mother appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Davis v Wright, 140 AD3d 753, 754; see Family Ct Act § 832; Matter of Buchovska v Kamolov, 209 AD3d 857, 857). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Davis v Wright, 140 AD3d at 754).
Here, a fair preponderance of the evidence adduced at the hearing established that the mother committed the family offense of harassment in the second degree (Penal Law § 240.26[3]; see Matter of Mitchell-George v George, 234 AD3d 969, 969; Matter of Ramos v West, 234 AD3d 773, 774).
The mother's contention that the Family Court was biased against her in the conduct of the hearing is unpreserved for appellate review. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (Matter of Freyer v Macruari, 234 AD3d 755, 758 [internal quotation marks omitted]). In any event, when a claim of bias is raised, the "inquiry on appeal is limited to whether the court's 'bias, if any, unjustly affected the result to the detriment of the complaining party'" (Matter of Goundan v Goundan, 210 AD3d 1087, 1089, quoting Matter of Bowe v Bowe, 124 AD3d 645, 646). Here, the record demonstrates that the court listened to the testimony, treated the parties fairly, and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Freyer v Macruari, 234 AD3d at 758; Matter of Goundan v Goundan, 210 AD3d at 1089).
The mother's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court