Ferris v Formato
2026 NY Slip Op 03664
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Laura Ferris, respondent,
v
Gregory Formato, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-02294, (Index No. 56857/23)
Betsy Barros, J.P.
Cheryl E. Chambers
Laurence L. Love
James P. McCormack, JJ.

Nancy D. Kellman (Rosenberg Family Law, P.C., Garden City, NY [Lee Rosenberg], of counsel), for appellant.
Wiederkehr Law Group, P.C., White Plains, NY (Evan Wiederkehr and Michael Angelo of counsel), for respondent.
Robin D. Carton, White Plains, NY, attorney for the child.

[*1]
DECISION & ORDER
In a proceeding, inter alia, to modify the custody and parental access provisions of a judgment of divorce of the Superior Court of Connecticut dated July 15, 2015, Gregory Formato appeals from an order of the Supreme Court, Westchester County (Anar Rathod Patel, J.), dated March 6, 2024. The order, insofar as appealed from, after a hearing, granted those branches of the petition which were to modify the judgment of divorce so as to award the petitioner sole legal custody and primary residential custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2023, the petitioner commenced this proceeding, inter alia, to modify the custody and parental access provisions of a judgment of divorce of the Superior Court of Connecticut dated July 15, 2015, entered upon the parties' stipulation, which, among other things, provided for joint legal custody and joint residential custody of the parties' child. In an order dated March 6, 2024, after a hearing, the Supreme Court, inter alia, granted those branches of the petition which were to modify the judgment of divorce so as to award the petitioner sole legal custody and primary residential custody of the child. This appeal ensued.
"'When parents enter into an agreement concerning custody [or parental access], it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the child'" (Matter of Capruso v Kubow, 226 AD3d 680, 683, quoting Trimarco v Trimarco, 154 AD3d 792, 793). "'In order to determine whether modification of a custody arrangement is in the best interests of the child, the court must weigh several factors of varying degrees of importance including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, (8) his or her ability to provide for the child's emotional and intellectual development, and (9) the willingness of the parent to assure meaningful contact between the child and the other parent'" (Matter of Freeborn v Elco, 188 AD3d [*2]677, 678, quoting Matter of Mingo v Belgrave, 69 AD3d 859, 859-860). A court's determination with respect to custody "depends to a great extent upon its assessment of the credibility of the witness and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Soto v Katz, 238 AD3d 1161, 1162 [internal quotation marks omitted]; see Matter of Bartlett v Perry, 245 AD3d 931, 932). A court's determination of custody may be deemed to have a sound and substantial basis in the record where the evidence adduced at the hearing indicates that the party awarded primary residential or sole legal custody is better suited to promote stability in the child's life, provide for the child's overall well-being, and foster the other parent's relationship with the child (see Matter of Acevedo v Cassidy, 236 AD3d 645, 647; Matter of Freyer v Macruari, 234 AD3d 755, 757).
Here, there is no dispute that a substantial change in circumstances warranted a modification of the custody and parental access provisions of the judgment. The Supreme Court's determination to award the petitioner sole legal custody and primary residential custody of the child was supported by a sound and substantial basis in the record (see Matter of Acevedo v Cassidy, 236 AD3d at 647; Matter of Chung v Toppin, 209 AD3d 647, 649). The evidence demonstrated that the parties' relationship had deteriorated to the point where they could not communicate and engage in joint decision-making concerning the child and that the petitioner is better suited to provide for the child's overall well-being, growth, and development, and is more likely to foster the child's relationship with the other parent (see Matter of Steward v Okon, 238 AD3d 1055, 1057; Matter of Ciardullo v Smith, 236 AD3d 650, 651; Matter of Clarke v Clarke,222 AD3d 751, 752).
The appellant's contention that the Supreme Court was biased against him is unpreserved for appellate review. "'A party claiming court bias must preserve an objection and move for the court to recuse itself'" (Matter of Freyer v Macruari, 234 AD3d at 758, quoting Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894). "In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's 'bias, if any, unjustly affected the result to the detriment of the complaining party'" (id., quoting Matter of Bowe v Bowe, 124 AD3d 645, 646). Here, a review of the record demonstrates that the court listened to testimony, treated the parties fairly, and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Pontillo v Pearce, 243 AD3d 797, 799).
Accordingly, the Supreme Court properly granted those branches of the petition which were to modify the judgment of divorce so as to award the petitioner sole legal custody and primary residential custody of the child.
BARROS, J.P., CHAMBERS, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court